UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARMIE JOSEPH PLANTIN,

                Plaintiff,

      - against -

SUPPORT COLLECTION UNIT,
ELLA KITAYCHIK

                Defendant.
----------------------------------------------------------------X

11 CV 4168 (RPP)

**OPINION & ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On June 11, Plaintiff Carmie Joseph Plantin ("Plaintiff"), who is proceeding pro se, submitted to the Court a Third Amended Complaint. (Am. Compl., June 11, 2012, ECF No. 23.) On September 6, 2012, Defendants Ella Kityachick ("Kityachick") and New York City Division of Child Support Enforcement (collectively, the "Municipal Defendants") filed a Motion to Dismiss Plaintiff's Third Amended Complaint. (Mot. to Dismiss, ECF No. 33.) On September 19, 2012 and October 1, 2012, Plaintiff filed motions for summary judgment. The Municipal Defendants have not responded to Plaintiff's summary judgment motions. For the reasons stated below, the Municipal Defendants' motion to dismiss is held in abeyance and Plaintiff's motions for summary judgment are denied.

      In their motion papers, the Municipal Defendants argue that "the details" of Plaintiff's claims are "utterly impossible to ascertain" from her papers. (Mem. of Law in Supp. of Municipal Defendants' Mot. to Dismiss ("Defs.' Mem.") at 2, ECF, No. 34.) Accordingly, they assert that Plaintiff failed to provide a short and plain statement of the claim, failed to allege specific actions taken by Kityachick that deprived Plaintiff of a federal right, and failed to describe the allegedly unconstitutional policy or custom that deprived Plaintiff of her

constitutional rights.  (Id. at 4-11.)  On November 19, 2012, this Court, acting on its duty to interpret the pleadings of a pro se plaintiff liberally to raise the strongest arguments that they suggest, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), issued an order interpreting Plaintiff's papers to describe circumstances that might generate a cause of action.  The Court then ordered the Municipal Defendants "to respond to Plaintiff's claims as the Court interprets them by December 7, 2012."  (Order, Nov. 19, 2012 ("11/19/12 Ord."), ECF No. 42.)

On December 7, 2012, the Municipal Defendants filed their Answer, which purports to deny each of the allegations set forth in Plaintiff's Third Amended Complaint.  It does not, however, directly respond to the Court's interpretation of Plaintiff's Complaint.  As such, the Municipal Defendants have failed to abide by the Court's November 19, 2012 Order, and thus failed to adequately answer Plaintiff's claims.  The Court hereby orders the Municipal Defendants to directly address Plaintiff's claims, as interpreted by the Court in its November 19, 2012 order, by April 3, 2013.  In addition, given that the Municipal Defendants' motion to dismiss was based on the Municipal Defendants' construction of Plaintiff's claims and not the Court's, the motion to dismiss is held in abeyance.

Turning to Plaintiff's motions, a party seeking summary judgment bears the burden of proving that "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A motion for summary judgment is generally only appropriate after the parties have engaged in discovery by taking depositions of the parties.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (holding that the purpose of summary judgment is to allow for disposition of a case "after adequate time for discovery" has elapsed); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (stating that summary judgment should only be granted after discovery).  The procedural rules attached to

summary judgment motions apply with equal force to pro se litigants.  See Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

Here, discovery has not commenced, let alone concluded.  Moreover, Plaintiff has failed to demonstrate that there are no material facts in dispute.  See Fed. R. Civ. P. 56(a).  Plaintiff's motions are therefore premature and insufficiently supported.  Accordingly, the Court denies Plaintiff's motions for summary judgment without prejudice.

For the reasons stated above, the Municipal Defendants' motion to dismiss is held in abeyance and Plaintiff's motions for summary judgment are denied.

SO ORDERED.

Dated:  New York, New York
         March 20, 2013

\_\_\_s/s_____
Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Order were sent** to:

*Plaintiff, pro se:*

Carmie Joseph Plantin (by mail)
542 Gates Ave.
Apt. 2A
Brooklyn, NY   11221

*Counsel for Municipal Defendants:*

Carolyn Elizabeth Kruk (by fax)
NYC Law Department
100 Church Street
New York, NY   10007
Tel:  (212) 788-1165
Fax: (212) 788-0940

*Individual Defendant, pro se:*

Jean Joseph Rodriguez Plantin (by mail)
1037 Rutland Ave.
Brooklyn, NY   11212