UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CARMIE JOSEPH PLANTIN,

                          Plaintiff,

                                                                    11 CV 4168 (RPP)

              - against -
                                                        **OPINION & ORDER**

SUPPORT  COLLECTION UNIT,
ELLA KITAYCHIK

                          Defendant.
----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On June 11, Plaintiff Carmie Joseph Plantin ("Plaintiff"), who is proceeding pro se,

submitted to the Court a Third Amended Complaint.  (Am. Compl., June 11, 2012, ECF No. 23.)

On September 6, 2012, Defendants Ella Kityachick ("Kityachick") and New York City Division

of Child Support Enforcement (collectively, the "Municipal Defendants") filed a Motion to

Dismiss Plaintiff's Third Amended Complaint.  (Mot. to Dismiss, ECF No. 33.)  On September

19, 2012 and October 1, 2012, Plaintiff filed motions for summary judgment.  The Municipal

Defendants have not responded to Plaintiff's summary judgment motions.  For the reasons stated

below, the Municipal Defendants' motion to dismiss is held in abeyance and Plaintiff's motions

for summary judgment are denied.

       In their motion papers, the Municipal Defendants argue that "the details" of Plaintiff's

claims are "utterly impossible to ascertain" from her papers.  (Mem. of Law in Supp. of

Municipal Defendants' Mot. to Dismiss ("Defs.' Mem.") at 2, ECF, No. 34.)  Accordingly, they

assert that Plaintiff failed to provide a short and plain statement of the claim, failed to allege

specific actions taken by Kityachick that deprived Plaintiff of a federal right, and failed to

describe the allegedly unconstitutional policy or custom that deprived Plaintiff of her

constitutional rights.  (Id. at 4-11.)  On November 19, 2012, this Court, acting on its duty to

interpret the pleadings of a pro se plaintiff liberally to raise the strongest arguments that they

suggest, see McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999), issued an order

interpreting Plaintiff's papers to describe circumstances that might generate a cause of action.

The Court then ordered the Municipal Defendants "to respond to Plaintiff's claims as the Court

interprets them by December 7, 2012."  (Order, Nov. 19, 2012 ("11/19/12 Ord."), ECF No. 42.)

On December 7, 2012, the Municipal Defendants filed their Answer, which purports to

deny each of the allegations set forth in Plaintiff's Third Amended Complaint.  It does not,

however, directly respond to the Court's interpretation of Plaintiff's Complaint.  As such, the

Municipal Defendants have failed to abide by the Court's November 19, 2012 Order, and thus

failed to adequately answer Plaintiff's claims.  The Court hereby orders the Municipal

Defendants to directly address Plaintiff's claims, as interpreted by the Court in its November 19,

2012 order, by April 3, 2013.  In addition, given that the Municipal Defendants' motion to

dismiss was based on the Municipal Defendants' construction of Plaintiff's claims and not the

Court's, the motion to dismiss is held in abeyance.

Turning to Plaintiff's motions, a party seeking summary judgment bears the burden of

proving that "that there is no genuine dispute as to any material fact and that the movant is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A motion for summary judgment

is generally only appropriate after the parties have engaged in discovery by taking depositions of

the parties.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (holding that the purpose of

summary judgment is to allow for disposition of a case "after adequate time for discovery" has

elapsed); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 303 (2d Cir. 2003) (stating that

summary judgment should only be granted after discovery).  The procedural rules attached to

summary judgment motions apply with equal force to pro se litigants.  See Traguth v. Zuck, 710

F.2d 90, 95 (2d Cir. 1983).

 Here, discovery has not commenced, let alone concluded.  Moreover, Plaintiff has failed

to demonstrate that there are no material facts in dispute.  See Fed. R. Civ. P. 56(a).  Plaintiff's

motions are therefore premature and insufficiently supported.  Accordingly, the Court denies

Plaintiff's motions for summary judgment without prejudice.

 For the reasons stated above, the Municipal Defendants' motion to dismiss is held in

abeyance and Plaintiff's motions for summary judgment are denied.


 SO ORDERED.

Dated:  New York, New York
  March 20, 2013


      ___s/s_____
      Robert P. Patterson, Jr.
      U.S.D.J.

**Copies of this Order were sent** to:

*Plaintiff, pro se:*

Carmie Joseph Plantin (by mail)
542 Gates Ave.
Apt. 2A
Brooklyn, NY   11221

*Counsel for Municipal Defendants:*

Carolyn Elizabeth Kruk (by fax)
NYC Law Department
100 Church Street
New York, NY   10007
Tel:  (212) 788-1165
Fax: (212) 788-0940

*Individual Defendant, pro se:*

Jean Joseph Rodriguez Plantin (by mail)
1037 Rutland Ave.
Brooklyn, NY   11212